UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILIP W. WELLER

VERSUS

UNITED STATES OF AMERICA AND
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

CIVIL ACTION

NUMBER 14-68-SCR

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

Before the court are the United States of America's Motion for Summary Judgment, the Motions for Summary judgment filed by defendant The Prudential Insurance Company of America, and the Cross Motion for Summary Judgment on Behalf of Plaintiff, Philip W. Weller.  Record document numbers 18, 25 and 26, respectively.  The United States of America and The Prudential filed responses to the plaintiff's motion.[1]

Based on the applicable standard of review and the analysis that follows, the summary judgment motions filed by the United States of America and The Prudential Insurance Company of America are granted and the plaintiff's motion for summary judgment is denied.

## Background

On July 5, 2011, while the plaintiff was on active duty serving with the United States Army in Afghanistan, the vehicle in

---

[1] Record document numbers 28, 29 and 30.

which he was a passenger was struck by an improvised explosive device ("IED"). As a result of the explosion he suffered an injury to his right ankle and foot - a right bimalleolar ankle fracture and fractures of the third, fourth and fifth metatarsal of his right foot. AR pp. 88-101. Two weeks later, on July 19, 2011, the plaintiff underwent right ankle surgery at a Fort Polk, Louisiana facility. AR pp. 133, 135. On July 11, 2012 the plaintiff filed an application for benefits under the Traumatic Servicemembers' Group Life Insurance Program ("TSGLI") based on the injuries he sustained. Plaintiff's application for benefits asserted that because of his traumatic injury he was unable to perform four Activities of Daily Living ("ADLs") from July 5 through November 15, 2011. The four ADLs the plaintiff claimed he could not do independently were going to the bathroom, bathing, dressing, and transferring.

Plaintiff's claim was denied initially and on reconsideration. On November 20, 2013 the plaintiff was notified of a final decision denying his claim. The denial letter stated that the medical documentation submitted by the plaintiff did not indicate that the ankle injury rendered him incapable of performing the "ADLs of bathing, dressing, toileting, or transferring that are covered by TSGLI standards for 30 consecutive days or greater." Plaintiff was notified of his appeal rights, including his right to file a civil

2

action in federal court.  AR pp. 1-6.[2]

Plaintiff filed this action for judicial review of the decision denying his claim for TSGLI benefits.  Because this is an action for judicial review of the administrative decision denying the plaintiff TSGLI benefits, each party filed a motion for summary judgment.[3]  Plaintiff argued that the denial of his claim was contrary to the TSGLI regulations because the regulations do not state that a member is able to perform activities independently if he can do them with accommodating equipment such as a cane or walker.  Plaintiff also argued that under the applicable standard of review the decision was arbitrary and capricious because the record contained evidence from three medical professionals, two of whom treated him, indicating that he was not capable of independently engaging in four ADLs from the date he was injured until November 15, 2011.  Plaintiff asserted that the denial was arbitrary and capricious because the record shows that the medical certification officer ignored and failed to address the medical

---

[2] The disposition code for the denial of the plaintiff's claim was "3" which represented a denial because the "medical documentation provided does not indicate the member's loss met the TSGLI minimum standard."  AR p. 5

[3] Judicial review of the final decision on the plaintiff's claim for benefits is based on the administrative record ("AR"), a certified copy of which was filed into the record on April 2, 2014.  The AR contains records of medical treatment and physical therapy covering the time period from July 5, 2011 through the end of January 2012.
 This action for judicial review based on the AR is properly resolved under Rule 56(a), Fed.R.Civ.P.

3

certifications of Bourgeois and Dr. Petty.

Defendants United States of America and The Prudential Insurance Company of America[4] essentially argued the decision denying the plaintiff benefits was not arbitrary and capricious, and the plaintiff cannot establish any basis for reversing the determination.

**Applicable Law/Standard of Review**

Pursuant to 38 U.S.C. § 1980A, a member of the uniformed services who is insured under Servicemembers' Group Life Insurance program is also automatically insured for traumatic injury. Benefits are payable if the member, while so insured, sustains a traumatic injury on or after December 1, 2005, that results in a qualifying loss specified pursuant to subsection (b)(1). A qualifying loss under this subsection includes the inability to carry out the activities of daily living, which means the inability to independently perform two or more of the following six

---

[4] Defendant The Prudential Insurance Company of America acts as the TSGLI administrator. Plaintiff did not specifically dispute that TSGLI coverage determinations are made by the service member's branch of service, here the U.S. Army, and not by The Prudential Insurance Company of America. See record document number 26-2, plaintiff's supporting memorandum, p. 1, n. 1 ("The Prudential ... further asserts that it played no role in the determination of [plaintiff's] claim. While that may be true, Prudential funds the benefits payable under the TSGLI program.")  It is not necessary to address this issue.
Hereafter, the United States of America and The Prudential Insurance Company of America are referred to collectively as the "defendants."

4

functions: (1) bathing; (2) continence; (3) dressing, (4) eating, (5) toileting; and, (6) transferring. 38 U.S.C. § 1980A(b)(2)(D); 38 C.F.R. 9.20(e)(6)(vi)(A)-(F). The Secretary may also prescribe, by regulation, conditions under which coverage otherwise provided under this section is excluded. 38 U.S.C. § 1980A(b)(3).

The statute gives district courts jurisdiction to review administrative decisions with regard to TSGLI claims. However, the jurisdictional grant does not set forth the standard of review to be used by the court. 38 U.S.C. § 1975. In these circumstances the court applies the arbitrary and capricious review standard under the Administrative Procedure Act ("APA").[5]

Under the APA the scope of judicial review is as follows:

> [T]he reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or

---

[5] The parties agree this is the proper standard of review. Record document number 26-2, plaintiff's Memorandum in Support of Cross Motion for Summary Judgment, p. 4.

5

limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Thus, under the APA the reviewing court decides all relevant questions of law. Agency actions, findings, and conclusions may be set aside only if they are arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence based on the record as a whole. *Texas Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 775 (5th Cir. 2010). The scope of review under this standard is narrow and highly deferential to the agency, and a court cannot substitute its judgment for that of the agency. There is a presumption that the agency's decision is valid and the plaintiff has the burden to overcome that presumption. *Id.* An agency decision of less than ideal clarity should be upheld if the agency's path may reasonably be discerned. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action, including a rational connection between the facts found and the choices made. *Hasie v. Office of Comptroller of Currency of U.S.*,

633 F.3d 361, 365 (5th Cir. 2011); *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513-514, 129 S.Ct. 1800, 1810 (2009); *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. automobile Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856 (1983). Review of agency action under the §706(2) arbitrary and capricious standard is limited to the record before the agency at the time of its decision. *Luminant Generation Co.. L.L.C. v. U.S.E.P.A.*, 675 F.3d 917, 925 (5th Cir. 2012).

## Analysis

**Plaintiff Failed to Establish That the Defendants' Decision Was Contrary to Law**

Under Part B of the TSGLI application, the standard for determining a patient's inability to perform an activity of daily living is defined, in relevant part, as follows:

> The patient is considered unable to perform an activity independently only if he or she **REQUIRES** assistance to perform the activity. If the patient is able to perform the activity by using accommodating equipment, such as a cane, walker, commode, etc., the patient is considered able to independently perform the activity without requiring assistance.

AR p. 20 (emphasis in original)

Plaintiff argued that this definition, used by the defendants to determine whether he could perform ADLs independently, is contrary to the statute and regulations since they do not mention or authorize the use of this standard.

Plaintiff's argument is unsupported. In an action for

7

judicial review under the APA, generally the court owes substantial deference to an agency's construction of a statute that it administers. *See*, *Buffalo Marine Services Inc., v. U.S.,* 663 F.3d 750, 754 (5th Cir. 2011). Plaintiff failed to provide any legal authority or factual basis for the court to find that this interpretation of the term "independently" under § 1980A(b)(2)(D) is arbitrary, unreasonable or inconsistent with the statute.

**Plaintiff Failed to Establish That the Defendants' Decision Was Arbitrary, Capricious, or an Abuse of Discretion**

Plaintiff argued that the administrative decision was arbitrary and capricious because it was contrary to the certifications provided by his treating physical therapist Anne F. Bourgeois, (statement June 1, 2012), and orthopedist Dr. Catherine Petty (statement June 25, 2012). AR pp. 22-23. Plaintiff also relied on a statement by Dr. John E. Clark dated August 14, 2013. Dr. Clark did not treat the plaintiff, but he reviewed all of the plaintiff's medical records and submitted a letter with an opinion in support of the plaintiff's application for benefits. AR pp. 9-13. Plaintiff also argued that the defendants' the decision failed to address the statements of Bourgeois and Dr. Petty.

Review of the administrative record as a whole demonstrates that these arguments are not a basis to find that the defendants' decision was arbitrary and capricious. The lack of a specific reference in the decision to the statements of Bourgeois and Dr.

8

Petty is not a sufficient basis to conclude that their statements were ignored. The two statements, along with the plaintiff's extensive medical treatment and physical therapy records, were all submitted with the plaintiff's application for benefits. The statements were also specifically noted in the letter accompanying the plaintiff's application. AR pp. 14-15, 42-53. Thus, the record supports the conclusion that the medical statements of Bourgeois and Dr. Petty were considered as part of the plaintiff's application. The absence of a specific reference to the statements in the analysis and determination does not support finding that the defendants disregarded them.

It was not arbitrary and capricious for the defendants to conclude that the other medical evidence in the record did not support the opinions of Bourgeois and Drs. Petty and Clark. The contemporaneous treatment records beginning with the date the plaintiff was injured contain the following relevant facts. About a week before surgery the plaintiff did not need restroom assistance and could perform self-care, except he needed assistance with showering. AR pp. 260, 266. Plaintiff's pain level was two out of ten with medication, and a functional activity level and a release without limitations was noted. AR pp. 109, 122, 130, 132. Plaintiff had surgery on July 19. Shortly thereafter he reported that his pain was two out of ten without pain medication, and that he did not require medication refills. AR p. 138. On August 3 the

9

plaintiff reported he was using crutches and a wheelchair when he went out. After the staples and sutures from surgery were removed a short leg cast was placed on the plaintiff's lower right leg. Plaintiff had minimal complaints of pain and was not taking pain medication. Mild pain and a functioning activity level were also noted in the records. The only possible limitations and risks stated were lost time from work. Otherwise, the plaintiff was again released without limitations and was to continue follow-up appointments. AR pp. 140-45.

In the four weeks following the removal of the sutures the medical records noted that the plaintiff was pain free and not taking pain medications. Other than work/duty limitations, the plaintiff had a functioning activity level and was released without limitations. AR pp. 148-57. Subsequent records through September and October contained similar reports. On September 13, 2011 there was a notation that the plaintiff was not supposed to be weight bearing, but was doing some temporary total weight bearing. AR p. 170. When the plaintiff went to his physical therapy evaluation on October 13, 2011 he reported for the appointment independently, and stated that he was only taking Motrin for mild pain. AR p. 187.

From November 1 to November 15, 2011 the treatment records noted that the plaintiff had mild or no pain, and the plaintiff stated he was putting a good amount of weight on his right lower leg. Dr. Petty told the plaintiff he could wean himself from the

boot and be weight bearing as tolerated. As of November 15, 2011 the plaintiff had successfully completed aquatic therapy and was ready to begin land therapy. AR pp. 193, 197, 235-36. Finally, the treatment records submitted to the defendants did not indicate that the plaintiff needed hands-on or within-arms-reach physical assistance, or any verbal assistance, to accomplish two or more activities of daily living for either a continuous 30 day period after his injury, or until November 15, 2011. Thus, the contemporaneous medical records did not support the statements of Bourgeois or Drs. Petty and Clark.[6]

The standard of review is not whether the defendants' decision was correct, nor whether the court would have made a different decision. That the plaintiff can point to evidence in the record which supports his claim is not dispositive. The court can only review the record to determine whether the decision reached was arbitrary, capricious, an abuse of discretion, or did not comport

---

[6] *See*, *Fail v. U.S.A.*, 2013 WL 5418169 (D.Colo. Sept. 27, 2013)(not arbitrary and capricious for the Army to examine and evaluate the underlying records themselves in determining whether to rely on or defer to certified medical professionals' statements).

Plaintiff cited one court decision he argued supports his claim the decision was arbitrary and capricious. *Stringer v. United States of America,* 2013 WL 6579039 (D.Colo. Dec. 13, 2013). However, the circumstances in *Stringer* that required reversal are not present in this case. In *Stringer*, the reason given for the denial was the "medical professional's statement did not indicate the member's loss met the minimum TSGLI standard," when in fact the doctor's statement submitted with the plaintiff's application stated the plaintiff could not bathe, dress and toilet independently.

with applicable law.[7] Here, there is more than sufficient evidence supporting the decision denying TSGLI benefits for the stated reason that the medical documentation provided did not show that the plaintiff's traumatic injury/loss met the TSGLI minimum standards. And there is clearly a rational connection between the evidence in the record and the defendants' decision. Therefore, the decision was not arbitrary and capricious or an abuse of discretion, and the decision comported with the applicable law.

### Conclusion

After careful review of the administrative record as a whole, the court finds the plaintiff has failed to establish that the defendants' decision was arbitrary, capricious, an abuse of discretion or not in accordance with the applicable law. Therefore, the decision denying the plaintiff's claim for TSGLI benefits is affirmed.

Accordingly, the United States of America's Motion for Summary Judgment is granted, the Motion for Summary judgment filed by defendant The Prudential Insurance Company of America is granted, and the Cross Motion for Summary Judgment on Behalf of Plaintiff, Philip W. Weller is denied. Judgment will be entered in favor of

---

[7] The APA substantial evidence standard of judicial review does not apply in this case, as explained in the United States of America's Response to Plaintiff's Cross Motion for Summary Judgment. Record document number 28, p. 13.

the defendants and against the plaintiff.

Baton Rouge, Louisiana, October 17, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE